UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 21-1779-MWF (MAAx)          **Date:** May 26, 2022

**Title:** Juanita L. Williams v. C R Bard Incorporated, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITHOUT PREJUDICE

    On February 25, 2021, Plaintiff Juanita L. Williams commenced this action against Defendants C R Bard Incorporated and Bard Peripheral Vascular Incorporated. (Complaint (Docket No. 1)). The Complaint was filed in the District of Arizona; it was transferred to the Central District of California on February 25, 2021. (Docket Nos. 7 and 8). On June 18 and 24, 2021, attorneys Joseph R. Johnson and Andrea J. Giovannone filed Motions to Withdraw as counsel for Plaintiff. (Docket Nos. 20 and 22). On June 21, 2021 and July 7, 2022 Judge Stanley Bastian granted the Motions to Withdraw. (Docket Nos. 21 and 23).

    On September 10, 2021, this case was transferred to this Court. (Docket No. 26). A Self-Representation Order was filed on October 1, 2021. (Docket No. 28). Both the Order Re Transfer and the Self-Representation Order were returned by the United States Postal Service as undeliverable to Plaintiff. (Docket Nos. 29 and 30).

    On April 25, 2022, Defendants filed a Request for Hearing. (Docket No. 33). In response to the Request for Hearing, on April 26, 2022 the Court filed an Order directing Plaintiff to show cause ("OSC"), by no later than May 20, 2022, why the action should not be dismissed for lack of prosecution. (Docket No. 34). The Court sent the OSC by first-class mail, and by email to Plaintiff. (Docket No. 35). The OSC noted that the Court would accept a Notice of Change of Address, Telephone Number and Email Address, or a Request for Approval of Substitution of Attorney in response

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-1779-MWF (MAAx)            **Date:** May 26, 2022
**Title:**     Juanita L. Williams v. C R Bard Incorporated, et al.

to the OSC. The OSC included a warning that failure to timely respond would result in dismissal of this action.

On May 10, 2022, the OSC was also returned as undeliverable to Plaintiff. (Docket No. 37). The Court did not receive a "bounce back" notice for the email of the OSC to Plaintiff. As of May 25, 2022, Plaintiff has not filed a response or any documents responsive to the OSC.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Plaintiff was specifically warned that failure to respond to the OSC would result in dismissal of this action.

Accordingly, the action is **DISMISSED** *without prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.